IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRCIT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRACY A. STARKE, | |
| Plaintiff, | Case No. 1:17-cv-04123 |
| v. | Honorable Judge Sara L. Ellis |
| SELECT PORTFOLIO SERVICING, INC., | |
| Defendant. | |

**PLAINTIFF'S MOTION TO VACATE ORDER**

**NOW COMES** Plaintiff Tracy A. Starke ("Starke"), by and through her undersigned counsel, and pursuant to Fed. R. Civ. Pro. 60(b)(6) moving this Honorable Court to vacate the Order entered on May 30, 2019 [Dkt. 56] granting Defendant Select Portfolio Servicing, Inc.'s ("SPS") Motion for Leave to Amend the Answer to Assert an Additional Affirmative Defense, and in support thereof, stating as follows:

**Relevant Background**

1. On May 24, 2019, SPS filed a Motion for Leave to Amend the Answer to Assert an Additional Affirmative Defense ("SPS' Motion"). [Dkt. 54]

2. SPS noticed its motion for presentment on May 30, 2019. [Dkt. 55]

3. SPS' Motion sought leave to amend its answer to Plaintiff's complaint to add the affirmative defense of preemption to its affirmative defenses.

4. Specifically, SPS' Motion contended that an amendment to its answer is warranted in the late stages of this litigation because Plaintiff, for the first time at her recent deposition, asserted credit damages.

1

5. SPS' Motion further contended that "Plaintiff's underlying factual assertions set forth in her Complaint do not allege false credit reporting or damage premised upon false credit reporting." [Dkt. 54, ¶3]

6. On May 30, 2019, prior to the presentment of SPS' Motion, the Court granted SPS' Motion without holding a hearing.

7. The Court presumably granted SPS' Motion in reliance on the representations made by SPS in its motion, namely that Starke had for the first time asserted credit damages at her recent deposition.

8. SPS' representation that Starke for the first time alleged credit damages at her deposition is blatantly false.

9. Specifically, Plaintiff expressly asserted credit damages in her complaint and responses to SPS' interrogatories.

10. Starke's complaint, filed on **May 31, 2017**, expressly alleged credit damages as follows:

> SPS's acts and omissions have resulted in severe injury to Starke. Specifically, SPS's acts and omissions are the proximate causation of Starke's damages, which include, but are not limited to:
>
> **a. Credit denial(s)**
> ………………………

*See* Exhibit A attached hereto, ¶35; *see also* ¶¶30, 31, and 33.

11. Moreover, Starke's response to SPS' Interrogatory No. 21 further alleged credit damages as follows:

> Plaintiff states that she has suffered significant monetary loss, emotional distress, mental anguish, and **damage to her credit worthiness** as a result of SPS' conduct. Specifically, SPS' conduct caused Plaintiff the following damages:
>
> a) **Credit damage/denials and loss of credit opportunity as a result of the adverse reporting stated in Plaintiff's response to Interrogatory 20**.

………………..

*See* Exhibit B attached hererto, Response to Interrogatory No. 21.

## STANDARD

12. A motion to reconsider does not exist under the Federal Rules of Civil Procedure. *Talano v. NW. Med. Faculty Found., Inc.,* 273 F.3d 757, 760 n.1 (7th Cir. 2001).

13. Pursuant to Rule 60(b)(6), upon a motion and just terms, the court may relieve a party or its legal representative from an order for any reason that justifies relief. Fed. R. Civ. Pro. 60(b)(6).

14. Rule 60(b) is "designed to address mistakes attributable to special circumstances, not to address erroneous applications of law." *Russell v. Delco Remy,* 51 F.3d 746, 749 (7th Cir. 1995)

## ARGUMENT

15. The record in this case provides irrefutable proof that SPS and its counsel made materially false representations to the Court pertaining to when Starke first asserted credit damages.

16. As set forth above, Starke first asserted credit damages on May 31, 2017 in her complaint.

17. Accordingly, SPS has been on notice of Starke's assertion of credit damages for nearly two years prior to Starke's deposition, not as recent as Starke's deposition as SPS falsely contends. *See* Exhibit A.

18. Moreover, SPS was again notified of Starke's assertion of credit damages when it received Starke's interrogatory responses on March 29, 2018. *See* Exhibit B.

19. SPS' false representations were unquestionably material and were presumably relied on by the Court in its consideration and decision to grant SPS' Motion without a hearing.

20. Starke strongly believes that the Court would not have granted SPS' Motion but for its reliance on SPS' troubling misrepresentations to the Court.

21. The record in this case provides irrefutable proof that SPS and its counsel made knowingly false representations to the Court in order obtain a favorable ruling on its Motion.

22. SPS' and its counsel's brazen conduct is especially troubling in light of the fact that SPS was recently sanctioned by this Court on May 9, 2019 for discovery abuse. *See* Dkt. 50.

23. SPS' false representations significantly prejudiced Starke as it deprived Starke of the opportunity to respond to SPS' Motion. *See Divane v. Krull Elec. Co.,* 194 F.3d 845, 848 (7th Cir. 1999) ("the opportunity to respond is deeply embedded in our concept of fair play and substantial justice.")

24. Such a grave deprivation of due process under the circumstances would be grossly inequitable.

25. Simply put, SPS and its counsel should not be able to benefit from their deceptive and unethical conduct.

26. Based on the foregoing, there is a compelling basis for the Court to vacate the Order entered on May 30, 2019 pursuant to Fed. R. Civ. P. 60(b)(6).

**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order:

a. Vacating its May 30, 2019 Order granting SPS' Motion for Leave to Amend the Answer to Assert an Additional Affirmative Defense [Dkt. 54];

b. Striking SPS' amended answer [Dkt. 57];

c. Providing Plaintiff an opportunity to respond to SPS' Motion for Leave to Amend the Answer to Assert an Additional Affirmative Defense; and

d. Any further relief the Court deems just and proper.

Case: 1:17-cv-04123 Document #: 58 Filed: 06/07/19 Page 5 of 5 PageID #:225

Dated: June 7, 2019                                             Respectfully Submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8180
mbadwan@sulaimanlaw.com

5