IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Tracy A. Starke, <br><br> Plaintiff, <br><br> v. <br><br> Select Portfolio Servicing, Inc., <br><br> Defendant. | ) <br> ) <br> ) <br> ) Case No. 17-cv-4123 <br> ) <br> ) Hon. Sara L. Ellis <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO VACATE ORDER**

NOW COMES Defendant, Select Portfolio Servicing, Inc., by and through its attorneys, Smith & Weik, LLC, and in response to Plaintiff's Rule 60(b)(6)[1] Motion to Vacate the Court's May 30, 2019 Order, states as follows:

**INTRODUCTION**

Plaintiff' has filed a motion to vacate this Court's Order granting Defendant leave to amend its affirmative defenses to include a defense of preemption by statute (Fair Credit Reporting Act, 15 U.S.C. § 1681; *et seq*.) of any of any claim of false credit reporting or damages caused by false credit reporting. Plaintiff's motion is based exclusively on the assertion that Defendant and its counsel knowingly made "materially false representations" in the motion pertaining to when Plaintiff first asserted credit damages. As developed below, neither Defendant nor its attorneys made false representations or intended to mislead the Court. Plaintiff's motion should be denied for several reasons.

---

[1] Rule 60(b) is not applicable because it "is, by its terms[,] limited to 'final' judgments or orders and is inapplicable to interlocutory orders." *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 559 (7th Cir. 2016). The May 30, 2019, order is not a final judgment.

**BACKGROUND**

On May 24, 2019, Defendant filed a Motion for Leave to Amend its Answer to assert an additional affirmative defense. (Dkt. # 54). Defendant noticed the motion for presentment on May 30, 2019. Defendant sought leave to amend for reasons that included: 1) Defendant's initial pleading expressly reserved the right to seek leave to supplement; 2) Plaintiff, at her May 13, 2019, deposition disclosed new information and identified new individuals and documents[2] which she claimed now established Defendant had falsely reported her credit and that she had been damaged because of false reporting; 3) Plaintiff produced documents on May 15, 2019, with the suggestion that more may be forthcoming; 4) Plaintiff had not filed a claim based upon false credit reporting; 5) as a matter of law such claim was preempted by the Fair Credit Reporting Act; and 6) allowing the amendment would not delay the proceedings and no prejudice would attach because the new information was only disclosed the week prior to the filing of the motion and the issues at hand relate to claims made by Plaintiff rather than any new factual assertions raised by Defendant. Defendant attached its proposed amended pleading to its motion.

Between May 24, 2019, and May 30, 2019, Plaintiff's counsel did not contact Defendant's counsel to object or raise concerns with Defendant's motion or contact this Court to either object or seek leave to respond. On May 30, 2019 the Court granted Defendant's motion off call. (Dkt. # 56).

**A. Plaintiff Misstates Defendant's Assertions**.

Plaintiff's motion relies exclusively upon Plaintiff's misstatement of a single paragraph of Defendant's motion. Although Plaintiff correctly quotes a portion of paragraph 3 wherein Defendant states "… Plaintiff's underlying factual assertions set forth in her Complaint do not allege false credit

---

[2] Plaintiff and Defendant both agreed the information, documentation and identification of individuals was new as set forth in their Joint Motion to Extend Discovery (Dkt. # 51).

reporting or damage premised upon false credit reporting", Plaintiff now argues that Defendant represented to this Court "that Starke for the first time alleged credit damage at her deposition" and that this representation "is blatantly false".

A plain reading of Defendant's motion demonstrates Defendant did not assert Plaintiff did not include a general averment of 'credit denials'. Rather, Defendant stated Plaintiff's factual allegations did not include false credit reporting or damages premised upon that credit reporting. While the Complaint asserts some unspecified damage of credit denial, the Complaint does not assert a cause of action for damage premised upon Defendant's credit reporting activities, nor did the Complaint make it clear what the credit denial was premised upon. Plaintiff's Complaint asserts four causes of action: Count I – breach of contract; Count II – violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1; *et seq*.); Count III – violation of Regulation X, which implements the provisions of the Real Estate Settlement Procedures Act (12 C.F.R. 1024, *et seq*.); Count IV – violation of the Telephone Consumer Protection Act (47 U.S.C. § 227). Plaintiff's Complaint does not include a credit reporting claim.

Plaintiff now contends the purported credit denial has caused her damage. Although Plaintiff refers to interrogatory responses, served on Defendant on March 29, 2018, which state "credit damage/denials and loss of credit opportunity as a result of adverse credit reporting", Plaintiff had not produced any document or evidence of denial or damage other than an e-mail from PayPal which stated that PayPal was unable to authorize Plaintiff's recent attempt to make a purchase because that purchase would have caused Plaintiff to exceed the credit line and an increase could not be approved at that time. It was not until Plaintiff testified at her deposition on May 13, 2019, that Plaintiff explained her damage and a purported connection to credit reporting. Plaintiff testified that in 2019 she inquired about the purchase of a house but was told she could not finance its purchase. Plaintiff also testified that she would not be able to open a "motorcoach home/RV resort"

now because she could not get a mortgage until 2022. This was new information that was unsupported by any produced documentation. Indeed, Plaintiff acknowledged this was new information when she jointly sought to extend fact discovery based on the new information. (Dkt. # 51, ¶4 & 5).

Thus, contrary to Plaintiff's recent assertions, Defendant's motion for leave to amend was not based upon any "blatantly false" statements or misrepresentations. In fact it was based upon the status of pleadings and recent developments and information obtained through discovery. This circumstance is precisely the reason for bringing a motion to amend.

**B. Plaintiff does not take issue with the balance of Defendant's motion and standards for leave to amend.**

Defendant's motion directed this Court to the standards which guide the consideration of the motion for leave to amend. Specifically, motions for leave to amend pleadings are freely granted when "justice so requires." Fed. R. Civ. P. 15(a)(2). Further, "the failure to plead an affirmative defense in the answer works a forfeiture only if the plaintiff is harmed by the defendant's delay in asserting it." *Reed v. Columbia St. Mary's Hosp.*, 915 F.3d 473, 478 (7th Cir. 2019) (internal quotes and citation omitted).

Defendant's motion pointed out that Plaintiff would not be prejudiced by the delay in pleading the affirmative defense and that this case would not be delayed. At the time, Plaintiff's counsel did not raise an issue with Defendant's counsel, file a response or contact the court with an objection. Even now, Plaintiff does not contend or demonstrate that that granting the motion to amend prejudiced or harmed Plaintiff. The preemption affirmative defense is a strict legal defense as it does not raise any new factual issues or require any further discovery. It is brought in response to Plaintiff's claim disclosed in discovery rather than new facts offered by Defendant. Defendant could not expect that Plaintiff was pursuing a claim for wrongful credit reporting and damages

attributable thereto because Plaintiff had not pleaded a Fair Credit Reporting Act cause of action. This type of legal defense might otherwise be raised at trial. See, Fed. R. Civ. P. 12(h)(2)(C).

Thus, as Plaintiff does not allege prejudice or harm by asserting the affirmative defense now, the motion to vacate should otherwise be denied.

## CONCLUSION

Plaintiff asserts Rule 60(b) is designed to address mistakes attributable to special circumstances. But Plaintiff does not identify any special circumstances because Plaintiff's mischaracterizations of the contents of Defendant's motion do not create special circumstances. Defendant's motion was properly granted because Plaintiff has suffered no prejudice or harm. Therefore, Plaintiff's Motion to Vacate should be denied.

Select Portfolio Servicing, Inc.

By: /s/ *Jonathan D. Nusgart* .
Attorney for Defendant

Jonathan D. Nusgart
Michael J. Weik
Craig C. Smith
Smith & Weik, LLC
1011 Lake St., Suite 412
Oak Park, IL 60301
(708) 386-9540

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2019, I filed the above pleading via the court's CM/ECF system and notice will be served to all registered parties by electronic notice.

By: /s/ *Jonathan D. Nusgart* .